UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

| | | |
|---|---|---|
| JIMMIE HARTFIELD | * | |
| Plaintiff | * | CA NO:17-cv-00461-DPJ-FKB |
| VERSUS | * | |
| | | |
| MARRIOTT INTERNATIONAL, INC. | * | JUDGE DANIEL P. JORDAN |
| REGINA LATTIMORE, INDIVIDUALLY | | |
| and as MANAGER/ASSISTANT MANAGER | * | |
| OF MARRIOTT INTERNATIONAL, INC. | | |
| and JOHN DOES 1-10 | * | MAGISTRATE F. KEITH BALL |
| | | |
| Defendants | * | |

MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT

MAY IT PLEASE THE COURT:

MARRIOTT INTERNATIONAL, INC., REGINA LATTIMORE, CP JACKSON, LLC, and COLUMBIA SUSSEX MANAGEMENT, LLC, submit this Memorandum in Support of their Motion for Summary Judgment demonstrating to the Court that there is an absence of support for essential elements of Plaintiff's claim, thus entitling Defendants to dismissal of Plaintiff's claim against them, with prejudice.

I.      FACTUAL SUMMARY

Plaintiff filed suit on January 20, 2017, in the Circuit Court for Hinds County, Mississippi, seeking damages for injuries sustained after a fall in the parking lot of the Marriott Hotel at 200 E. Amite Street in Jackson, Mississippi, on January 24, 2014.  (*See* Exhibit "A", Plaintiff's Complaint).  Plaintiff alleges that she tripped on a metal rod protruding from the floor of the parking lot, suffering injuries to her back, knees and shoulders.  Plaintiff claims that Defendants

negligently failed to maintain a reasonably safe premises; and failed to warn her of a dangerous condition of which they knew or should have reasonably known.  She seeks actual, compensatory, consequential and incidental damages in the amount of $1,000,000.00 dollars, as well as punitive damages in the amount of $1,000,000.00.

## II.    LAW AND ARGUMENT

### A.  Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure provides that "[a] party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed R. Civ. Proc. 56(a); *See also Martin v. Boyd Racing, L.L.C.*, 681 F. App'x 409, 411 (5th Cir. 2017).  "The purpose of a motion for summary judgment is to test the intrinsic merits of the case and to determine prior to trial whether the parties have a real basis for relief or defense." *Gossett v. Du-Ra-Kel Corp.*, 569 F.2d 869, 871 (5th Cir. 1978).  The summary judgment procedure provides a critical purpose in ending litigation without trial when there is no genuine issue of fact. *Joseph v. Lumbermen's Mut. Cas. Co.*, 11 F.R.D. 329, 331 (W.D. La. 1951).  See also *Broadway v. City of Montgomery, Alabama*, 530 F.2d 657, 661 (5th Cir. 1976).

Once a motion for summary judgment is made, "the non-movant must go beyond the pleadings and present specific facts indicating a genuine issue for trial in order to avoid summary judgment." *Bluebonnet Hotel Ventures, L.L.C. v. Wells Fargo Bank, N.A.*, 754 F.3d 272, 276 (5th Cir. 2014).  "Summary judgment is appropriate if the non-movant 'fails to make a showing sufficient to establish the existence of an element essential to that party's case.'"  *Id.* citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986).  The law is

clear that if Plaintiff cannot provide factual evidence to support his claims, summary judgment should be rendered in Defendant's favor.

### B.  Plaintiff's Burden

In Mississippi, the landowner owes an invitee the duty to keep the premises reasonably safe and when not reasonably safe to warn only where there is hidden danger or peril that is not in plain and open view; on the other hand, the landowner owes a licensee the duty only to refrain from willfully or wantonly injuring him.  *Olier v. Bailey*, 164 So. 3d 982, 986-87 (Miss. 2015).

As such, if Plaintiff is an invitee, to prevail on her claim she Plaintiff must prove that an unreasonably dangerous condition existed, and that Defendants either created the condition or had actual or constructive knowledge of the condition.  *Griffin v. Grenada Youth League*, 230 So.3d 1083, 1088 (Miss.Ct.App. 2017) (citations omitted).  However, if she is a licensee, she must establish that Defendants willfully or wantonly injured her.  *Olier*, *supra*.

### C.  Plaintiff Was a Licensee

A person is classified as a licensee if he or she enters the property for "his or her own convenience, pleasure or benefit pursuant to the license or implied permission of the owner...."  *Massey v. Tingle*, 867 So.2d 235, 239 (¶ 14) (Miss.2004).  An invitee is a visitor "who goes upon the premises of another in answer to the express or implied invitation of the owner or occupant for their mutual advantage."  *Hoffman v. Planters Gin Co*., 358 So.2d 1008, 1011 (Miss.1978).  The opinion of the *Olier* Court confirms that some benefit must be bestowed upon the landowner by the guest in order for that guest to obtain invitee status.  *See Olier*, 164 So. 3d at 987-88.

The two distinctions between an invitee and a licensee were recently discussed in *Thompson v. Lucas*, 219 So.3d 583 (Miss.Ct.App. 2017).  The *Thompson* Court concluded that there were two distinguishing factors between the two.  *Thompson*, 219 So.3d at 586.  The first is

whether or not there was an invitation extended by the landowner, as opposed to disinterested permission. *Id*. The *Thompson* Court quoted *Clark v. Moore Mem'l United Methodist Church*, 538 So.2d 760, 764 (Miss. 1989), as follows:

> A social guest may be cordially invited and strongly urged to come, but he is not an invitee. Although invitation does not in itself establish the status of an invitee, it is essential to it. An invitation differs from mere permission in this: an invitation is conduct which justifies others in believing that the possessor desires them to enter the land; permission is conduct justifying others in believing that the possessor is willing that they shall enter, if they desire to do so. Mere permission, as distinguished from invitation, is sufficient to make the visitor a licensee, ... but it does not make him an invitee.

The *Thompson* Court then described the second distinction—mutual advantage:

> [N]o matter the category, whether invitee, licensee, or trespasser, the entrant's advantage is not the issue. In all situations, the entrant has voluntarily appeared for some reason sufficient to that person. The law does not much concern itself with the nature of the reason. The differences among the categories focus on the owner and whether that person is receiving an advantage, or just permits the presence of the entrant, or actually opposes the entry.

*Id*. (quoting *Daulton v. Miller*, 815 So.2d 1237, 1239 (¶ 9) (Miss.Ct.App. 2001)). Thus, the *Thompson* Court concluded that the focus of the invitee-licensee analysis is whether the landowner received an advantage, or just permitted the plaintiff's presence. *Id*. Where one enters property for one's own convenience or benefit pursuant to the landowner's permission, that person is only a licensee. *Id.* at 587. Mississippi jurisprudence has further clarified that the advantage bestowed to the landowner must be a tangible economic advantage in order to obtain invitee status. *Daulton*, *supra*.

In the case at bar, Plaintiff was at the Marriott hotel to attend the State Convention of the Missionary Baptist Association. (Exhibit "B" Deposition of Jimmie Hartfield at 36:8-11). She was not a registered guest at the hotel, and did not have a room. (Exhibit "B" Deposition of Jimmie Hartfield at 36:23-25). The hotel did not invite Ms. Hartfield to its premises for mutual benefit,

and the hotel did not receive any benefit from Ms. Hartfield.  The Marriott hotel merely permitted the presence of persons desiring to attend the convention.  While Plaintiff may have been a public invitee of the Mississippi Baptist Association (*See, e.g.*, *Clark*, 538 So.2d at 763), no invitation was extended by the Marriott hotel, and the hotel was not aware of Plaintiff's presence on the premises; the Marriott hotel did nothing more than permit persons desiring to attend the convention to do so if they wished.  *See Thompson*, 219 So.3d at 586.  Moreover, Plaintiff had only the implied permission of the hotel to enter onto its premises for that purpose.

This situation is factually analogous to the one that faced the Mississippi Court of Appeals in *K.T. v. Klein Road Church of God*.  In *K.T.*, a church had granted a local 4-H group permission to use a meeting hall on its premises, and the plaintiff was injured on the church's property while attending the 4-H meeting.  *K.T. v. Klein Road Church of God*, 199 So.3d 720, 722 (Miss.Ct.App. 2016).  The *K.T.* Court found that the church gained no economic advantage conferring invitee status to the plaintiff and affirmed summary judgment in favor of defendants.  *Id.* at 724.  In the instant case, Plaintiff is a licensee, on the premises to attend a convention that the Marriott hotel allowed to use its facilities; she herself bestowed no benefit of any kind on the hotel.

Plaintiff is a licensee and has provided no evidence that Defendants willfully or wantonly injured her.  Her claims should therefore be dismissed.

### D. Alternatively, Plaintiff Cannot Establish an Unreasonably Dangerous Condition Existed on the Premises

Reasonably safe does not mean completely risk free.  *Byrne v. Wal-Mart Stores, Inc.*, 877 So.2d 462, 467 (Miss.Ct.App. 2003).   Plaintiff is still required to use, in the interest of her own safety, that degree of care and prudence which a person of ordinary intelligence would exercise under the same or similar circumstance.  *Tate v. Southern Jitney Jungle Co.*, 650 So.2d 1347, 1351 (Miss. 1995).   In the context of parking lots, whether paved or unpaved, Mississippi courts

regularly and roundly disclaim the contention that gaps, cracks, holes and other minor imperfections are unreasonably dangerous. *See, e.g., Jones v. Wal-Mart Stores East, LP*, 187 So.3d 1100 (Miss.Ct.App. 2016); *Griffin v. Grenada Youth League*, 230 So.3d 1083 (Miss.Ct.App. 2017). The Federal Courts of Mississippi, and particularly the Southern District Court have historically strictly adhered to this principal in dismissing similar claims at summary judgment:

In *Parker v. Wal–Mart Stores Inc.*, 261 Fed.Appx. 724, 726–27 (5th Cir. 2008), the Fifth Circuit held that the store was entitled to summary judgment because a 3.5 inch wide and 2 inch deep crack was not a dangerous condition under Mississippi law.

In *Mack v. Waffle House, Inc.*, 2007 WL 1153116 (S.D. Miss. Apr. 18, 2007), the court granted summary judgment, holding that a 2 inch wide, 4.75 inch long, and 0.75 inch deep crack was not a dangerous condition.

In *Quick v. Strategic Restaurants Acquisition Co.*, 2013 WL 1305583 (S.D. Miss. Mar. 28, 2013), a "pothole" in the parking lot that was "no more than 10 inches around and [1.5] inches deep" was not a dangerous condition.

In *Eschete v. Jim Wilson & Associates, LLC*, 2017 WL 445389 (S.D. Miss. Jan. 31, 2017) a 6 inch wide by 7 inch deep hole in the parking lot of the Edgewater Mall was held not to be an unreasonably dangerous condition.

In her Complaint, Plaintiff alleges that she tripped and fell over a metal rod that was approximately 24 inches long and was protruding in an upward manned which was almost perpendicular to the floor of the parking lot. (Exhibit "A", Plaintiff's Complaint at ¶ 11). During her deposition Plaintiff testified that she tripped because the rod was holding her foot. (Exhibit "B" Deposition of Jimmie Hartfield at 47:20-49:4). She would further explain that the tip of the

protruding rod was high enough such that she got her foot caught underneath it. (Exhibit "B"

Deposition of Jimmie Hartfield at 52:16-53:22). However, that is clearly not the case:[1]



_____

[1] The hotel's General Manager at the time, David Romines, took these photographs of the alleged accident scene the day after the subject accident. (Exhibit "C").



Significantly, when Plaintiff was questioned on exactly what made this condition unreasonably dangerous, she distinguished the fact that it protruded at all from the contention that it was protruding at such a height so as to allow her foot to get all the way underneath it.  (Exhibit "B" Deposition of Jimmie Hartfield at 84:3-20).  However, there is simply no support for the contention that the rod at issue protruded any more than an inch or so from the floor of the parking

lot.  In the event that Plaintiff is considered an invitee, the Court should nonetheless follow the long line of State and Federal jurisprudence from Mississippi Courts in finding that this condition was not unreasonably dangerous and that these Defendants are entitled to summary judgment.

### E.   Notwithstanding, Plaintiff Has Not Demonstrated that Defendants Had Actual or Constructive Knowledge of the Condition

Then General Manager David Romines has also testified that the parking lot was walked several times per week in an effort to locate any potential hazards, and inspected quarterly by the hotel's maintenance supervisor.  (Exhibit "C").  He further testified that the hotel had no knowledge of the condition that Plaintiff alleges caused her injury prior to this incident.  (Exhibit "C").  If Plaintiff is deemed an invitee, and if she succeeds in the daunting task of convincing this Court to reconsider long-standing jurisprudence with regard to what does and does not constitute an unreasonably dangerous condition in/on Mississippi parking lots, she still has produced no evidence that Defendants had knowledge of the condition which she claims caused her injury.

### III.   CONCLUSION

Plaintiff was on the premises of the Hotel for her own convenience and benefit, and only with the implied and disinterested permission of the hotel; she bestowed no benefit on the hotel in exchange.  She is therefore a mere licensee, and in absence of evidence that Defendants willfully or wantonly injured her, her claims must be dismissed.  In the alternative, the condition that Plaintiff claims caused her injury falls into the category that State and Federal Courts of Mississippi have routinely and unwaveringly classified as reasonably safe.  A "property owner cannot be found liable for the plaintiff's injury where no dangerous condition exists." *Stanley v. Boyd Tunica, Inc.*, 29 S0.3d 95 (Miss.Ct.App. 2010) (quoting *Delmont v. Harrison County Sch. Dist.*, 944 So.2d 131, 133 (¶ 5) (Miss.Ct.App.2006).  Accordingly, even if the Court finds Plaintiff to be an invitee, summary judgment must still be granted in favor of Defendants.  Finally, should

Plaintiff overcome those hurdles, she has nonetheless failed to evidence that Defendants had actual or constructive knowledge of the condition, an essential element of her claim.  For all of these reasons, Defendants pray that this Court grant their Motion for Summary Judgment and dismiss Plaintiff's claims, with full prejudice.

Respectfully submitted,

**TREADAWAY BOLLINGER, LLC**

*/s/ Jeffrey E. McDonald*
_____
BRETT M. BOLLINGER (#101502)
JEFFREY E. McDONALD (#33270)
406 North Florida Street, Suite 2
Covington, Louisiana 70433
Telephone: (985) 273-3123
Telefax: (985) 871-8788
E-mail: brett@ztlalaw.com
***Attorneys for Marriott International, Inc.,
Regina Lattimore, CP Jackson, LLC, and
Columbia Sussex Management, LLC***

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on all counsel of record by the Court's Electronic Case Filing System, e-mail and/or by placing same in the U. S. Mail, postage prepaid, this 27th day of June, 2018.

*/s/   Jeffrey E. McDonald     *
Jeffrey E. McDonald