## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
## OF HINDS COUNTY, MISSISSIPPI

**JIMMIE HARTFIELD**                                                                                        **PLAINTIFFS**

**v.**                                                                                      **CAUSE NO.: 17-41**

**MARRIOTT INTERNATIONAL, INC.,**
**REGINA LATTIMORE, INDIVIDUALLY**
**and as MANAGER/ ASSISTANT MANAGER**
**OF MARRIOTT INTERNATIONAL, INC.,**
**and JOHN DOES 1-10**                                                   **DEFENDANTS**

## COMPLAINT
*(Jury Trial Demanded)*

The Plaintiff, Jimmie Hartfield, files her Complaint for damages and other relief against the Defendants, Marriott International, Inc., Regina Lattimore, Individually and as Manager/Assistant Manager of Marriott International, Inc., and John Does 1-10, stating as follows:

### PARTIES

1. That Plaintiff, Jimmie Hartfield, is an adult female resident citizen of Hinds County, Mississippi, residing in Jackson, Mississippi.

2. That Defendant Marriott International, Inc. (The Marriott) is a foreign corporate entity, organized and existing under the laws of the State of Delaware with its principal place of business located at 10400 Fernwood Road, Bethesda, Maryland 20817. At all times relevant, The Marriott was conducting business in or about Jackson, Hinds County, Mississippi as a provider of public accommodations, including hotel lodging and hosting various civic and social events for profit. Process can be served upon The Marriott by serving its registered agent for

1



service of process, Corporate Creations Network Inc., 232 Market Street, Flowood, Mississippi 39232.

3. That Defendant Regina Lattimore (Lattimore) is an adult female resident citizen who resides in Hinds County, Mississippi. At all times relevant, Defendant Lattimore was employed by The Marriott as a Manager/Assistant Manager. Defendant Lattimore can be served with the process of this Court wherever she may be found.

4. That Defendants John Does 1-10 are unknown individuals and/or entities of whatever kind that are liable to Plaintiff for the acts of commission or omission alleged herein. The names and/or actions of these Defendants are presently unknown to Plaintiff. Therefore, Plaintiff will seek leave of court to amend this Complaint to show their true names, actions and capacities when the same are ascertained during discovery or otherwise.

5. That Plaintiff alleges upon information and belief that each of the John Doe Defendants is liable to Plaintiff by reason of negligence, wanton and reckless misconduct, or in some other manner whether alleged herein in this Complaint or not, and by such wrongful conduct, said Defendants, either individually or collectively, proximately caused the injuries and damages set forth herein.

## JURISDICTION AND VENUE

6. That the allegations of the preceding paragraphs are incorporated herein by reference as if set forth in full herein.

7. That this Court has jurisdiction of these Defendants pursuant to MISS. CODE ANN. § 9-7-81 (1972).

Case: 25CI1:17-cv-00041-WLK   Document #: 2   Filed: 01/20/2017   Page 3 of 9

8. That venue is proper pursuant to MISS. CODE ANN. § 11-11-3(1)(a)(i) (1972) as a substantial act or omission that caused the injury complained of herein occurred in the First Judicial District of Hinds County, Mississippi.

## FACTS

9. That the allegations of the preceding paragraphs are incorporated herein by reference as if set forth in full herein.

10. That on or about January 24, 2014, Plaintiff, her husband and other members of her church, attended a church event at The Marriott at 200 East Amite Street, Jackson, Mississippi 39201. At the conclusion of the event at approximately 7:00 p.m., Plaintiff attempted to return to her car which was parked in The Marriott's dimly lit parking lot on level P-2.

11. That before Plaintiff was able to reach her car, she tripped and fell over a metal rod that was in her pathway. This metal rod was approximately 24 inches long and was protruding in an upward manner which was almost perpendicular to the concrete floor of the parking lot. As a result of this fall, Plaintiff injured her back, neck, arms, knees and other parts of her body.

12. That the metal rod protruding from the concrete floor of the dimly lit parking lot constituted an unreasonably dangerous condition. It was a hidden danger of which The Marriott had a duty to warn the Plaintiff.

13. There were no signs of any kind inside or outside The Marriott that warned its invited patrons, including the Plaintiff, of this unreasonably dangerous condition at the time of her fall. Neither was there a chain, rope, or any other barrier around the protruding metal rod to prevent its invited patrons from coming into contact with it.

3

14. That because of the injuries Plaintiff sustained as a result of this fall, her husband took her to the emergency room at Baptist Memorial Hospital in Jackson, Mississippi (Baptist). After this initial visit at Baptist, Plaintiff sought care and treatment from additional medical providers, including Dr. Natalie Brookins-Reddix, Mississippi Sports Medicine, and Saint Dominic's Hospital.

15. That despite the medical care and treatment provided to her, Plaintiff continues to suffer from torn rotator cuffs to both of her shoulders that require surgery. Plaintiff, however, has declined to have such surgery at this time. She also has pain in both or her legs and knees which sometimes limits her ability to walk.

16. That prior to the Plaintiff's fall, this unreasonably dangerous condition had remained in place for such a length of time that The Marriott had actual knowledge of the dangerous condition or constructive knowledge is imputed to it. Despite such knowledge, The Marriott failed to take any actions to correct this unreasonably dangerous condition.

17. That at all times relevant, The Marriott failed to fulfill its duty to use reasonable care to take adequate and reasonable safety precautions and/or measures to protect its invitees from the foreseeable harm and danger alleged herein, including the harm suffered by the Plaintiff.

18. That the proximate and /or contributing cause(s) of the injuries sustained by the Plaintiff include, but are not limited to, the unreasonably dangerous parking lot, lack of associates to assist its invited patrons through and around this dangerous and unsafe condition, failure to warn of the unsafe condition, and in other ways which may be discovered during this action.

19. That as a result of the negligent actions or inactions of the Defendants, Plaintiff suffered injuries and damages.

## CAUSES OF ACTION

### I. Negligence - Failure to Provide Reasonably Safe Premises

20. That the allegations of the preceding paragraphs are incorporated herein by reference as if set forth in full herein.

21. That The Marriott owed Plaintiff an ordinary duty of care. Specifically, it had a duty to take reasonable safety measures for her protection and all other invitees of the subject property from foreseeable harm.

22. That The Marriott knew or should have known that reasonable safety measures were needed for the subject property and that the safety measures it took, if any, were unreasonable and inadequate. The Marriott failed to fulfill its duty of ordinary and reasonable care to make its parking lot reasonably safe. Such failures include the failure to take reasonable safety precautions to maintain Plaintiff's safety and to protect invitees from foreseeable harm and danger, including the harm suffered by Plaintiff.

23. That as a result of the aforementioned failures on the part of The Marriott, Plaintiff suffered injuries and damages.

### II. Negligence - Failure to Warn

24. That the allegations of the preceding paragraphs are incorporated herein by reference as if set forth in full herein.

25. That The Marriott owed Plaintiff a duty to warn of known dangers or those dangers that with reasonable diligence it should have been aware. The Marriott breached this duty owed

to the Plaintiff and was negligent by failing to warn Plaintiff of the foreseeable harm she suffered and by failing to reasonably inspect and make safe the premises from the foreseeable harm suffered by her.

26. That on information and belief, these breaches were particularly egregious because on information and belief, The Marriott was aware of other similar incidents that had taken place on these premises prior to Plaintiff's fall and subsequent injuries.

27. That the actions on the part of The Marriott rise to the level of gross negligence, malice, and/or an intentional tort thereby subjecting it to liability for damages, including punitive damages.

28. That Plaintiff's injuries occurred as a direct result and proximate consequence of Defendants' negligence and breach of its duty of care. As a result of these Defendants' acts, omissions and misrepresentations, Plaintiff was severely injured.

### III. Gross Negligence

29. That the allegations of the preceding paragraphs are incorporated herein by reference as if set forth in full herein.

30. That The Marriott was grossly negligent or wantonly failed to exercise due and reasonable care and foresight in its dealings with the Plaintiff. Such gross negligence was evidenced by a reckless and callous indifference to the apparent, real, and immediate harm and damage to the Plaintiff. The Marriott's negligence was malicious in the sense that it was carried out with the knowledge of the harm that would or could result to the Plaintiff.

31. That The Marriott's gross negligence was committed in bad faith and without a good, sufficient, arguable or reasonable belief that its actions were legally or morally justified.

Through its intentional, negligent or grossly negligent acts, The Marriott breached one or more of the aforementioned duties. The Marriott's actions constitute the tort of gross negligence and caused the Plaintiff to suffer injuries and damages which entitle her to an award damages, including punitive damages.

### IV. Negligent Infliction of Emotional Distress

32. That the allegations of the preceding paragraphs are incorporated herein by reference as if set forth in full herein.

33. That The Marriott's actions negligently or intentionally inflicted emotional distress upon the Plaintiff. Through its grossly negligent acts, the Marriott committed the tort of negligent infliction of emotional distress, causing Plaintiff injuries and damages.

### V. Regina Lattimore's Individual Liability

34. That the allegations of the preceding paragraphs are incorporated herein by reference as if set forth in full herein.

35 That at all times relevant, Defendant Lattimore was The Marriott's manager/assistant manager and was the person, or one of several persons, that was in charge of The Marriott and was directly responsible for the safety of its invited patrons, including the Plaintiff.

36. That Defendant Lattimore owed a duty to the Plaintiff and other invited patrons of The Marriott to take reasonable measures to protect them from the foreseeable injuries and damages that could be caused from the protruding metal rod.

37. That Defendant Lattimore breached the duty owed to the Plaintiff and other invited patrons by negligently failing to take reasonable measures to protect them from such foreseeable injuries and damages as alleged herein.

38. That Defendant Lattimore's actions and inactions were the proximate cause or proximate contributing cause of the injuries and damages suffered by the Plaintiff.

39. That on information and belief, Defendant Lattimore's actions and inactions were particularly egregious because she had actual or constructive knowledge of the protruding metal rod long before the Plaintiff tripped and fell on it.

40. That Defendant Lattimore's actions and inactions rise to the level of gross negligence, malice, and intentional conduct, which subjects her to individual liability.

### IV. Punitive Damages

41. That the allegations of the preceding paragraphs are incorporated herein by reference as if set forth in full herein.

42. That the actions and inactions of the Defendants were committed with actual malice and gross negligence which evidences a willful, wanton or reckless, conscious and knowing disregard for the safety of the Plaintiff and other invited patrons. Because of these actions and inactions on the part of the Defendants, the Plaintiff is entitled to an award of punitive damages in an amount sufficient to deter the Defendants from similar or like conduct in the future.

### DAMAGES

43. That the allegations of the preceding paragraphs are incorporated herein by reference as if set forth in full herein.

44. That Plaintiff seeks damages for her past, current and future physical and emotional injuries, physical and mental pain and suffering, emotional distress, medical expenses, lost wages, loss of enjoyment of life, and inconvenience. Plaintiff demands actual, compensatory, incidental, consequential, and punitive damages in an amount in excess of the jurisdictional minimum of this Court.

**WHEREFORE PREMISES CONSIDERED,** Plaintiffs request a trial by jury and demand from Defendants jointly and severally, actual, compensatory, consequential, and incidental in the amount of $1,000,000.00 and punitive damages in an amount of $,1,000,000.00 inclusive of all expenses, interest and costs and such other relief as the Court and jury deem just and appropriate.

**RESPECTFULLY SUBMITTED,** this 20th day of January, 2017.

JIMMIE HARTFIELD

BY: _____
Ottowa E. Carter, Jr., MSB#8925
*Her Attorney*

OF COUNSEL:
OTTOWA E. CARTER, JR. P.A.
604 Hwy 80 W., Suite N (39056)
P. O. Box 31
Clinton, MS 39060
Tel: (601) 488-4471
Fax: (601) 488-4472
Email: oec@ottowacarterlaw.com